## THE PRINCESS ANNE.

. (Circuit Court of Appeals, Second Circuit.
February 2, 1925.)

No. 171.

Admiralty &=>34 — Claim of consignees for loss of goods by stranding of vessel on February 6, 1920, not asserted until May 8, 1924, held barred by limitation.

Claim of consignees for goods lost on February 6, 1920, by stranding of vessel in control of Director General, not asserted until May 8, 1924, were barred by Transportation Act Feb. 28, 1920, § 206 (a), being Comp. St. Ann. Supp. 1923, § 10071¼cc, regardless of whether filing of claim under Admiralty Rule 52, or filing of limitation proceeding by Director General on March 1, 1923, under rule 51, be deemed commencement of proceeding, and claimant's petition to be relieved from default in limitation proceeding and for permission to file claim nunc pro tunc was properly denied.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the petition of James C. Davis, for limitation of liability for losses arising through stranding of the vessel Princess Anne. From an order denying their petition to be relieved from default, and for permission to file their claim nunc pro tunc, Matthew J. Levy and others appeal. Affirmed.

Levy & Becker, of New York City (Peter A. Lee, of New York City, of counsel), for appellants.

Evan Shelby, of New York City (Harold K. Hines, of New York City, of counsel), for appellees.

Before ROGERS, MANTON, and LEARNED HAND, Circuit Judges.

LEARNED HAND, Circuit Judge. On March 1, 1923, the Director General filed a petition on the admiralty side of the District Court to limit his liability under the Fifty-First Admiralty Rule for losses arising through the stranding of the vessel Princess Anne on the 6th of February, 1920. On March 2d a monition was issued citing all persons having claims to present them at the office of a duly appointed commissioner on or before April 6, 1923. Certain claims were filed in season and the claimant so filing answered the petition. Thereafter on May 25, 1923, the District Court passed an order declaring all persons who had not filed their claims to be in default and directing that the issues raised by the petition and answer stand for trial.

On May 8, 1924, the appellants filed a petition in the District Court alleging that they were consignees of merchandise on the Princess Anne under a duly executed bill of lading. The petition recited the proceedings theretofore had, alleged that the petitioners had had no notice of the monition, and prayed that they be relieved of their default and have permission to file their claim nunc pro tunc. This motion was denied and the present appeal resulted.

Several points are raised, but we think the case can be disposed of on the single point of the statute of limitations. On February 6, 1920, when the cause of suit arose, the Princess Anne was under the control and operation of the Director General. Section 206 (a) of the Transportation Act of February 28, 1920 (Comp. St. Ann. Supp. 1923, § 10071¼cc), authorized proceedings in admiralty to be brought against the Director General based on causes of action arising out of his operation of any carrier by authorization of the President. These might be brought in any court which but for federal control would have had jurisdiction over the cause of action had it arisen against the carrier, but must be brought within the statu-

tory periods of limitation already in force, and not later than two years from the date of the passage of, the act. Although the Princess Anne was wrecked before the act went into effect, the appellants took no action until the notice of motion filed herein on May 8, 1924, more than four years after the Transportation Act was passed.

In any view the appellants are barred by the statute. If the filing of the claim under rule 52, which under rule 53 is a condition to the claimant's right to answer, be deemed the commencement of any admiralty proceeding as respects him, it was too late. If the filing of the limitation proceeding be deemed the commencement of the proceeding, it was also too late. Nothing is gained by asking for an order nunc pro tunc when the statutory time has expired.

Order affirmed.